**Romeo Vilipendio DUALAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–75610.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed July 30, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Romeo Vilipendio Dualan, Lakewood, CA, pro se.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Angela N. Liang, Esquire, Oil, Thankful T. Vanderstar, Esquire, Kelly J. Walls, Esquire, U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Romeo Vilipendio Dualan, native and citizen of the Philippines, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Singh v. INS,* 134 F.3d 962, 966 (9th Cir.1998), and we deny the petition for review.

Dualan does not raise any contention pertaining to past persecution, so we only consider well-founded fear. Sub-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

stantial evidence supports the agency's decision that Dualan failed to demonstrate a well-founded fear of persecution because he was not targeted by the New People's Army in the Philippines. *See Singh,* 134 F.3d at 967 ("[T]o establish well-founded fear, petitioner cannot simply prove that there exists generalized or random possibility of persecution, she must show that she is at particular risk."). Furthermore, Dualan failed to meet his burden to show that he could not safely relocate within the Philippines. *See Kaiser v. Ashcroft,* 390 F.3d 653, 659 (9th Cir.2004) (in the absence of establishing past persecution, the applicant bears the burden of establishing that it would be either unsafe or unreasonable for him to relocate unless the persecutor is the government); 8 C.F.R. § 1208.13(b)(3)(i).

Because Dualan failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Dualan has waived any challenge to the IJ's denial of his CAT claim by failing to raise it in his opening brief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**